**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| JUSTIN TATUM, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 6:25-cv-403-JDK-JDL |
| | § | |
| RFG USA INC, D/B/A ROYAL | § | |
| FUNDING GROUP, | § | |
| | § | |
| Defendant. | § | |

**ORDER ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Justin Tatum, proceeding pro se, filed this lawsuit against Defendant RFG USA Inc. D/B/A Royal Funding Group ("RFG") on October 17, 2025. Docket No. 1. The case was referred to United States Magistrate Judge John D. Love. On November 21, 2025, Plaintiff filed a motion for default judgment. Docket No. 7.

On December 18, 2025, Judge Love issued a Report recommending that Plaintiff's motion for default judgment be granted and that Plaintiff be awarded $23,513.00 in statutory damages and $405.00 in costs. Docket No. 8. Plaintiff filed objections to the Report and Recommendation. Docket No. 9. Defendant has not responded or otherwise appeared in this action.

Where a party timely objects to the Report and Recommendation, the Court reviews the objected-to findings and conclusions of the Magistrate Judge de novo. 28 U.S.C. § 636(b)(1). In conducting a de novo review, the Court examines the entire record and makes an independent assessment under the law. *Douglass v. United*

1

*Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superseded on other grounds by statute*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

Plaintiff objects to the Report on two grounds: (A) the Report does not award treble damages under § 227(c)(5)(B) of the Telephone Consumer Protection Act ("TCPA"), and (B) the Report does not award full damages under §§ 302.101, .302(a) of the Texas Business and Commerce Code.  Docket No. 9.

## A.

As to the first objection, Plaintiff argues that he is entitled to treble damages under 47 U.S.C. § 227(c)(5)(B) for Defendant's willful violations of the Telephone Consumer Protection Act (TCPA).  Specifically, Plaintiff argues that he sent a demand letter in August 2024 to which Defendant responded; therefore, in Plaintiff's view, the Defendant was on notice of the continued unwanted calls.  Docket No. 9 at 2.   However, these allegations are not actually alleged in Plaintiff's complaint, and his citation is to an irrelevant paragraph in his original complaint.  *See* Docket No. 1 ¶ 50.  Only in his objections does Plaintiff for the first time adduce any evidence to support his claim for treble damages.  Docket No. 9, Ex. 1.  Even taking these newly-alleged facts as true, the Court is not convinced that trebling damages would be warranted.  The Court has previously declined to treble damages in nearly identical circumstances.  *Tatum v. New York Tribeca Grp. LLC*, No. 6:25-CV-103-JDK, 2025 WL 1864961, at *1 (E.D. Tex. July 7, 2025) (holding that evidence of a settlement agreement and email from Plaintiff to Defendant regarding unwanted call

was not enough to "create the nexus to show that the violations [of the TCPA] were indeed made willfully").

Accordingly, Plaintiff's first objection is overruled.

**B.**

As to the second objection, Plaintiff argues that he should have been awarded full damages for violations of § 302.101 of the Texas Business and Commerce Code.

Section 302.101 prohibits a seller from "mak[ing] a telephone solicitation from a location in this state or to a purchaser located in this state unless the seller holds a registration certificate for the business location from which the telephone solicitation is made." TEX. BUS. & COM. CODE § 302.101. A seller "who violates this chapter is subject to a civil penalty of not more than $5,000 for each violation." *Id.* § 302.302(a).

The Report reasoned that Plaintiff's claim for violations of the Business and Commerce Code is based on thirteen phone calls from Defendant between July 10, 2024, and September 22, 2025. The Report reasoned that "[t]he only differing aspect between the TCPA and § 302.101 is 'registration' required under the Texas Business and Commerce Code" and that "such difference is minimal and violations should be afforded a nominal award of damages to avoid the prospect of double recovery." *Id.* at 15. The Report thus recommended awarding Plaintiff only nominal damages of $1 for each violation under § 302.302(a). *Id.*

As the Court has explained in a similar case, however, the reason for avoiding a "double recovery" is not present here. *New York Tribeca Grp. LLC*, 2025 WL 1864961, at *2 ("Courts generally avoid awarding a double recovery because it does

3

more than compensate the plaintiff for her injuries—it provides the plaintiff with an unjustified windfall." (citing *Landry v. Carlson Mooring Serv.*, 643 F.2d 1080, 1088 (5th Cir. 1981)).   In addition, nothing in either the TCPA or the Business and Commerce Code precludes a plaintiff from suing under both statutes and receiving the penalties that each statute provides.  *See id.*

> In fact, the two statutes prohibit different conduct, further supporting awards of damages under both.  *Contrast* 42 U.S.C. § 227 (prohibiting calling individuals on the National Do Not Call Registry) *with* TEX. BUS. & COM. CODE § 302.101(a) (prohibiting calling a purchaser in Texas unless the caller "holds a registration certificate").
>     . . . .
> Accordingly, courts routinely award statutory damages under both the TCPA and TBCC based on the same unwanted telephone calls or texts. *See, e.g., Tatum v. DBoss Funding, LLC*, 2024 WL 5098503, at *4 (E.D. Tex. Nov. 13, 2024) (awarding $6500 under the TCPA and $65,000 under the TBCC based on the same underlying conduct); *Busbee v. ServiceToday!*, 2024 WL 4428989, at *4–5 (N.D. Tex. Oct. 4, 2024) (same regarding the TCPA and § 302.101 of the TBCC); *Thomas v. Zenith Solar, LLC*, 2022 WL 17813168, at *4 (W.D. Tex. Aug. 1, 2022) (same); *Thompson v. Dealer Renewal Servs.*, 2021 WL 5416605, at *3 (N.D. Tex. Nov. 18, 2021) (same).

*New York Tribeca Grp. LLC*, 2025 WL 1864961, at *2–*3.  There is therefore no basis to award only nominal damages for the § 302.101 violations.

Finally, the amount of damages can be reliably computed from the record.  The statutory penalty under the Business and Commerce Code is "not more than $5,000 for each violation."  TEX. BUS. & COM. CODE § 302.302(a).  The Report correctly determined that Defendant violated § 302.101 by making thirteen telephone solicitations to Plaintiff.  Docket No. 8 at 14–15; Docket No. 1 ¶ 53.  Accordingly, the Court awards $65,000 in damages for Defendant's violations of § 302.101.

Plaintiff's second objection is sustained.

4

* * *

The Court has conducted a de novo review of the record in this case and the Magistrate Judge's Report.  For the foregoing reasons, it is hereby **ORDERED** that the Magistrate Judge's Report (Docket No. 8) is **ADOPTED as modified**.  Plaintiff's motion for default judgment (Docket No. 7) is **GRANTED** as set forth herein.  Final judgment will be entered by separate order.

So **ORDERED** and **SIGNED** this **26th** day of **February, 2026.**

JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE

5